Anthony M. Keats (SBN 123672)
akeats@kmwlaw.com
David K. Caplan (SBN 181174)
dcaplan@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Plaintiffs
LUCASFILM LTD. and LUCASFILM
ENTERTAINMENT COMPANY LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUCASFILM LTD., a California corporation; and LUCASFILM ENTERTAINMENT COMPANY LTD., a California corporation;<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>EZ2FLY, INC., a California corporation doing business as DIGITRONICS and WALKERAUSA.COM; PATRICK LE, an individual; GUANGZHOU WALKERA TECHNOLOGY CO. LIMITED, a Chinese business entity;<br><br>　　　　　　Defendants. | Case No.: CV 10-02575 CBM (VBKx)<br><br>**STIPULATED PERMANENT INJUNCTION AS TO DEFENDANTS EZ2FLY, INC. AND PATRICK LE** |

1       Plaintiffs LUCASFILM LTD., and LUCASFILM ENTERTAINMENT
COMPANY LTD., ("Plaintiffs" or "Lucasfilm"), having filed a complaint in this action charging defendants EZ2FLY, INC., doing business as Digitronics and Walkerausa.com ("EZ2FLY"), and Patrick Le ("Le"), and other defendants, with Federal Copyright Infringement, Federal False Designation of Origin, California common law trademark infringement and unfair competition, California statutory unfair competition, and constructive trust, and Defendants EZ2FLY and Le (Lucasfilm, EZ2FLY, and are hereinafter collectively referred to as the "Parties") desiring to settle the controversy between the Parties, it is

      **ORDERED, ADJUDGED AND DECREED** as between the Parties hereto that:

      1.     This Court has jurisdiction over this matter pursuant to 17 U.S.C. § 501, 15 U.S.C. § 1121, 28 U.S.C. § 1331, and § 1338. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) and 1400(a). Service was properly made against Defendants EZ2FLY and Le.

      2.     Lucasfilm has produced motion pictures, including STAR WARS: Episode IV- A New Hope; STAR WARS: Episode V – The Empire Strikes Back; STAR WARS: Episode VI – Return of the Jedi; STAR WARS: Episode I – The Phantom Menace; STAR WARS: Episode II – Attack of the Clones; STAR WARS: Episode III – Revenge of the Sith (the STAR WARS films are referred to collectively herein as the "STAR WARS Motion Pictures").

      3.     Lucasfilm's rights in and to its motion pictures including its rights in the STAR WARS Property are hereinafter collectively referred to as "Lucasfilm's Copyrighted Works" and "Lucasfilm's Trademarks," and together referred to as the "Copyrighted Works and Trademarks." Attached hereto as **Exhibit 1** are copies of certificates of registration for Lucasfilm's federal copyrights, including the registration for the X-WING STARFIGHTER.

-1-

4. Lucasfilm is also the owner of trademark rights in its X-WING mark, which is the subject of two registrations with the United States Patent & Trademark Office, Registration Nos. 1,888,621, and 2,562,185, for among other things computer games. Copies of printouts from the United States Patent & Trademark Office, reflecting these certificates of registration, are attached hereto as **Exhibit 2**. Lucasfilm's Trademarks as defined herein include all of the trademarks reflected in Exhibit 2.

5. True and correct copies of images of the item advertised, offered for sale, and sold by the defendants are attached hereto as **Exhibit 3**. This item is hereinafter referred to as the "Infringing Product".

6. Defendants EZ2FLY and Le, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with said Defendants, be immediately and permanently enjoined from:

> A) distributing, advertising, offering for sale, or selling the Infringing Product;
>
> B) directly or indirectly infringing and/or contributing to the infringement of the above described Copyrighted Works and Trademarks of Plaintiffs in any manner, including generally, but not limited to manufacturing, distributing, advertising, selling, and/or offering for sale any merchandise which infringes Plaintiffs' Copyrighted Works and Trademarks, and specifically:
>> I. manufacturing, advertising, distributing, selling, and/or offering for sale said products or any other unauthorized items, which picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of Plaintiffs' Copyrighted Works and Trademarks; or

  II. manufacturing, advertising, distributing, selling, or offering for sale or in connection thereto any unauthorized promotional materials, which picture, reproduce, or utilize the likenesses of, or which bear substantial similarity to, any of Plaintiffs' Copyrighted Works and Trademarks;

 C) engaging in any conduct and/or contributing to any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs;

 D) affixing, applying, annexing and using in connection with the manufacture, distribution, advertisement, sale, and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

 E) otherwise competing unfairly with Plaintiffs in any manner; and

 F) Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) – (f) herein.

 7. No admission of liability is implied by this Consent Agreement and Permanent Injunction. Notwithstanding this, Defendants shall be bound by the terms of the Confidential Settlement Agreement and this Consent Agreement and Permanent Injunction.

8.      The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Permanent Injunction and the Settlement Agreement between the Parties, the enforcement of this Permanent Injunction and the terms of the Settlement Agreement between the Parties.

9.      This Permanent Injunction shall be deemed to have been served upon Defendants EZ2FLY and Le at the time of its execution by the Court.

10.     The Court expressly determines that there is no just reason for delay in entering this Permanent Injunction, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants EZ2FLY and Le.

11.     This Permanent Injunction is a final judgment, entered against Defendants EZ2FLY and Le pursuant to Federal Rule of Civil Procedure 54(b). This Permanent Injunction is not and shall not be deemed to be a judgment as to any of Lucasfilm's claims against any defendants in this litigation other than Defendants EZ2FLY and Le.

Dated June 09, 2011

_____
Honorable Consuelo B. Marshall
United States District Court Judge

Presented by:
ANTHONY M. KEATS
DAVID K. CAPLAN
KEATS McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
(310) 248-3830

/s/Anthony M. Keats

-4-